## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
)
v. ) Case ID Nos.:  1702001947
) 1701013752
)
)
QUADREE WARREN, )
)
Defendant. )

## **ORDER**

**AND NOW TO WIT,** this 21st day of October, 2019, upon consideration of Defendant Quadree Warren ("Defendant")'s Motion for Modification of Sentence, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.  On August 29, 2017, Defendant pleaded guilty two counts of Possession of a Firearm During the Commission of a Felony, Drug Dealing Tier 4, Possession of a Firearm and Ammunition by a Person Prohibited and two counts of Disregarding a Police Signal.  On October 27, 2017, this Court sentenced Defendant to serve twelve years at Supervision Level V.  Ten years represented the minimum mandatory consecutive sentences—five years for each count of Possession of a Firearm During the Commission of a Felony.[1]  For the Drug Dealing Tier 4 charge,

---

[1] The five year sentences as to each count of Possession of a Firearm During the Commission a

Defendant was sentenced to twenty-five years at Supervision Level V, suspended after two years minimum mandatory, followed by various Levels of probation.[2] As to Possession of a Firearm and Ammunition by a Person Prohibited and Disregarding a Police Signal, all Level V time was suspended for transitioning levels of supervision.

2. On November 1, 2017, five days after sentencing, Defendant asked this Court to reduce his sentence under Rule 35(b).[3] In support of his Motion, Defendant stated, in part, the following grounds for relief: (1) "family hardship"— the imposed sentence had affected his son's behavior; (2) "remorse"— Defendant apologized for the crimes he committed within the City of Wilmington; and (3) "rehabilitation," Defendant stated the time he received has helped him to better his life.[4] Having imposed the minimum mandatory sentence, the Court denied Defendant's motion on February 22, 2018.[5]

3. He now again moves to modify his sentence pursuant to Delaware Superior Court Criminal Rule 35(b).[6] This time, he wishes to have his Level V time

---

Felony of this sentence was a mandatory period of incarceration according to 11 *Del. C.* §1447A.
[2] The first two years of this sentence is a mandatory term of incarceration pursuant to 16 *Del. C.* §4752.
[3] *See* Defendant's Motion for Modification And/ Or Reduction of Sentence, *State of Delaware v. Qudree Warren*, Crim. ID No. 1701013752, D.I. 16 (Nov. 1, 2017) [hereinafter Motion].
[4] *See* Defendant's Motion at 4.
[5] *See* Letter Order Issued by Judge Medinilla, *State of Delaware v. Qudree Warren*, Crim. ID No. 1701013752, D.I. 18 (Feb. 22, 2018).
[6] DEL. SUPER. CT. CRIM. R. 35(b).

reduced by having the two firearm sentences run concurrently instead of consecutively, arguing that his defense attorney did not argue for concurrent sentencing at the time he came before the Court in 2017. He again claims remorse for his crimes, for hurting his family, and asks that this Court have mercy on him, especially where his son is now going to turn four years of age and he wishes to be home with him.[7]

4. Superior Court Criminal Rule 35(b) provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[8] Unlike the 90-day jurisdictional limit with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception. Instead, this bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[9] Defendant is time-barred as this is his second request for a reduction of his Level V sentence.

5. This Court finds that Defendant's motion is not only time-barred, it remains without merit. As stated in this Court's 2018 order, his reasons for relief to include the hardship on his family continue to be the collateral consequences to a criminal conviction and sentence, and cannot form the basis for reduction. Further, the sentence in Defendant's case was imposed pursuant to a Plea Agreement between

---

[7] Defendant's Motion at 2.
[8] Super Ct. Crim. R. 35(b) (emphasis added).
[9] *Thomas v. State*, 2002 WL 31681804, at *1 (Del. 2002). *See also Jenkins v. State*, 2008 WL 2721536, at *1 (Del. 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 2004 WL 716773, at *2 (Del. 2004) (defendant's "motion was repetitive, which also precluded its consideration by the Superior Court.").

3

the State and Defendant. The State also agreed to recommend the minimum mandatory as part of the plea agreement. After an appropriate colloquy, the Court addressed Defendant in open court and determined that he understood the nature of the charge(s) to which the plea was offered, including the mandatory minimum penalty provided by law, and which was imposed in this case.

6. Defendant does not cite to any rule, authority or otherwise that would warrant a concurrent sentencing structure of his firearm (PFDCF) charges. Even if he was referencing Title 11, Del. Code § 3901 to argue for concurrent sentencing, his circumstances are not applicable to any amendments that went into effect in June of 2019. Nevertheless, Defendant does not state a basis for relief under these provisions and remains procedurally barred for the reasons previously stated.

For the foregoing reasons, Defendant's Motion for Modification of Sentence is **DENIED**.

**IT IS SO ORDERED**.

Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
Department of Justice
Office of Defense Services
Investigative Services Office

4